SCHLAFF v SCHLAFF

JUDGMENT—DEFAULT JUDGMENT—DIVORCE—STANDING TO ATTACK—
     COURT RULES.
     The court rules do not estop a party successful in obtaining a
     default judgment of divorce from later challenging the judg-
     ment, because they authorize the granting of relief from a
     judgment for any reason justifying relief without limiting the
     pursuit of relief only to the defeated party; but where the trial
     court has denied the relief and the record reveals no abuse of
     discretion the judgment is allowed to stand (GCR 1963, 528.3).

Appeal from Wayne, James L. Ryan, J. Submit-
ted Division 1 October 11, 1972, at Detroit. (Docket
No. 12901.) Decided January 18, 1973.

Complaint for divorce by Norbert C. Schlaff
against Winnifred W. Schlaff. Counterclaim for
divorce by defendant. Default judgment for defend-
ant. Defendant's motion to have the default judg-
ment set aside was denied. Defendant appeals.
Affirmed.

*Thomas P. Thompson,* for plaintiff.

*John L. Kadela,* for defendant.

Before: V. J. BRENNAN, P. J., and LEVIN and
O'HARA,* JJ.

PER CURIAM. In this case, a default judgment of
divorce was entered in favor of the plaintiff, but

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 506 *et seq.*
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

subsequently set aside on defendant's motion. Defendant then filed a counterclaim for divorce and a default judgment was later entered in her behalf. Following the death of the plaintiff, defendant moved to have the default judgment entered in her behalf set aside. She claimed that her counterclaim was initiated as the result of duress and undue influence. The trial court found that defendant's counterclaim was not initiated as the result of duress or coercion, but rather represented a voluntary choice on her part; the trial court also observed that defendant would be entitled to certain pension benefits if the _ fault were set aside. Defendant appeals.

To dispose of plaintiff's challenge to the standing of the defendant to bring an action of this nature, we need only say that we see no reason to rule that she is estopped from challenging a default judgment entered in her favor. GCR 1963, 528.3 authorizes courts to grant relief from a judgment on grounds of fraud, or "any other reason justifying relief". By its terms, the rule does not limit the pursuit of relief only to the defeated party, but rather speaks of "a party or his legal representative".

The defendant's argument here is that the trial court abused its discretion in finding that defendant's counterclaim was voluntarily initiated. A review of the record and of the trial court's careful findings of fact reveals no such abuse.

Affirmed.